UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSIE ADAMS,

          Plaintiff,

    v.

SERGIO JIMENEZ,

          Defendant.

Case No. 1:26-cv-0439-KES-FRS (SKO)

**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**

(Doc. 1)

**<u>TWENTY-ONE DAY DEADLINE</u>**

Plaintiff Jessie Adams is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed a complaint on January 20, 2026. (Doc. 1.) Upon review, the undersigned concludes that the complaint's allegations are frivolous and fail to state a claim and recommends dismissing Plaintiff's complaint without leave to amend.

## I.    SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v.*

1

*United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint is one page and, in full, states: "1. Upon information and belief, Defendant had ex parte communications with certain individuals, 2. Defendant conspired with

2

others in violation of due process, 3. The Basis for federal court jurisdiction is federal law.  Plaintiff demands a sum of money estimated over $400,000." (Doc. 1.)

### III.    DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims and is frivolous.

#### A.    Rule 8

Rule 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that she is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to a defendant of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. *See Twombly*, 550 U.S. at 555. Here, Plaintiff's complaint includes no factual allegations. (Doc. 1). But a complaint is required to contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Without any coherent factual allegations, it is impossible to determine whether what Plaintiff is alleging has occurred or how the defendant is alleged to be responsible, and therefore Plaintiff falls short of the pleading requirements as set forth in Rule 8. Additionally, Rule 8 requires that the complaint must state a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). But here, the nature of the relief requested in the complaint is wholly unclear to the Court.

In sum, Plaintiff's complaint fails to conform to the requirements of Rule 8.

#### B.    Frivolousness

Apart from Plaintiff's failure to comply with Rule 8, her complaint is frivolous. A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive

3

to refrain from filing frivolous, malicious, or repetitive lawsuits.'"). While a federal court cannot properly *sua sponte* dismiss an action commenced *in forma pauperis* if the facts alleged in the complaint are merely "unlikely," *Denton*, 504 U.S. at 33, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless, *see Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e). Plaintiff's complaint is frivolous under this legal standard. Plaintiff does not set forth any facts supporting her claim, and public court records show that Plaintiff has filed her one-page complaint devoid of any factual allegations against the same defendant in several dozen other federal lawsuits this week.[1] *See Adams v. Jimenez*, Case No. 1:26-cv-23 (N.D. Fla. Jan. 22, 2026); Case No. 4:26-cv-42 (D. Ariz. Jan. 22, 2026); Case No. 1:26-cv-27 (W.D. N.C. Jan. 22, 2026); Case No. 1:26-cv-2 (D. Guam Jan. 22, 2026); Case No. 3:26-cv-51 (W.D. Wis. Jan. 22, 2026); Case No. 3:26-cv-26 (E.D. Tenn. Jan. 21, 2026); Case No. 1:26-cv-42 (D.R.I. Jan. 21, 2026); Case No. 5:26-cv-24 (M.D. Ga. Jan. 21, 2026); Case No. 2:26-cv-11 (N.D. Tex. Jan. 21, 2026); Case No. 1:26-cv-20388 (S.D. Fla. Jan. 21, 2026); Case No. 1:26-cv-24 (D. Wyo. Jan. 21, 2026); Case No. 4:26-cv-38 (N.D. Okla. Jan. 21, 2026); Case No. 1:26-cv-17 (S.D. Ga. Jan. 21, 2026); Case No. 2:26-cv-96 (N.D. Ala. Jan. 21, 2026); Case No. 1:26-cv-18 (W.D. Va. Jan. 21, 2026); Case No. 3:26-cv-14 (D.N.D. Jan. 20, 2026); Case No. 1:26-cv-366 (N.D. Ga. Jan. 20, 2026); Case No. 3:26-cv-30006 (D. Mass. Jan. 20, 2026); Case No. 4:26-cv-3012 (D. Neb. Jan. 20, 2026); Case No. 2:26-cv-28 (E.D. Wash. Jan. 20, 2026); Case No. 1:26-cv-214 (W.D. Mich. Jan. 20, 2026); Case No. 5:26-cv-4008 (D. Kan. Jan. 20, 2026); Case No. 2:26-cv-141 (E.D. La. Jan. 20, 2026); Case No. 8:26-cv-247 (D. Md. Jan. 20, 2026); Case No. 2:26-cv-2025 (C.D. Ill. Jan. 21, 2026); Case No. 3:26-cv-43 (W.D. Ky. Jan. 20, 2026); Case No. 2:26-cv-78 (E.D. Va. Jan. 20, 2026); Case No. 1:26-cv-146 (W.D. Tex. Jan. 20, 2026); Case No. 6:26-cv-119 (D. Or. Jan. 20, 2026); Case No. 3:26-cv-37 (D. Nev. Jan. 20, 2026); Case No. 2:26-cv-20 (N.D. Ind. Jan. 20, 2026); Case No. 3:26-cv-14 (N.D. Miss. Jan. 20, 2026); Case No. 2:26-cv-38 (M.D. Ala. Jan. 20, 2026); Case No. 9:26-cv-42 (E.D. Tex. Jan. 20, 2026); Case No.

---

[1] A court may take judicial notice of court filings from other state or federal court proceedings. *See Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

1:26-cv-32 (D. Idaho Jan. 20, 2026); Case No. 1:26-cv-235 (D. Colo. Jan. 20, 2026).

Other district courts have remarked that this action seems to be a part of a string of cases that appear intended to harass rather than initiate legitimate litigation and do not include valid return addresses for future filings. *See Adams v. Jimenez*, Case No. 26-cv-24 (D. Wyo. Jan. 22, 2026) (noting that in the past month, the District of Wyoming has received four substantially similar complaints naming New York state judges as defendants, that the cases seem to be filed by one person or a group of people using aliases, and do not include valid return addresses) (citing *Williams v. Jimenez*, Case No. 26-cv-13 (D. Wyo. Jan. 13, 2026), *Davis v. Kim*, Case No. 26-cv-9 (D. Wyo. Jan. 22, 2025), and *Shapiro v. Campanelli*, Case No. 25-cv-294 (D. Wyo. December 15, 2025)); *see also Adams v. Jimenez*, Case No. 3:26-cv-14 (D.N.D. Jan. 22, 2026) (noting same including that the return address is listed as being in San Francisco, CA but the envelope was postmarked in New York and recommending dismissal without leave to amend) *and Adams v. Jimenez*, Case No. 1:26-cv-23 (N.D. Fla. Jan. 23, 2026) (recommending dismissal for failure to state a claim and for maliciousness and noting that in the past four days Adams has filed the exact same complaint in 40 federal district courts). This Court has previously received and recommended dismissal of at least one of these complaints. *See Shapiro v. Campanelli*, Case No. 1:25-cv-1859 (E.D. Cal. December 18, 2025) (recommending that this case be dismissed without leave to amend as frivolous and failing to comply with Rule 8).

Because the undersigned finds that Plaintiff's complaint is "indisputably meritless," lacking in any factual contentions supporting her claim, and mirrors numerous cases filed in federal courts across the country over the course of the last week, the undersigned recommends that this case be dismissed as frivolous and that Plaintiff not be given leave to amend.[2] *See Levy v. Subway*, No. 2:13-CV-1269 GEB DAD, 2013 WL 5493390, at *3 (E.D. Cal. Oct. 2, 2013).

## IV.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be dismissed, without leave to amend. Although this is Plaintiff's first complaint in this action, it is

---

[2] If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000).

clear from the face of the complaint that it is frivolous.[3]

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1.  Plaintiff's complaint be dismissed, without leave to amend; and

2.  The Clerk of Court be instructed to close the case.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendation, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    __**January 27, 2026**__                     ____/s/ *Sheila K. Oberto*_____
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[3] If Plaintiff believes that she can cure this deficiency in an amended complaint, she may file objections to these Findings and Recommendation explaining how she would amend her complaint to state a cognizable claim.

6